UNITED STATES of America,
Plaintiff–Appellee,

v.

James CABACCANG, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Richard T. Cabaccang, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Roy Toves Cabaccang, Defendant–
Appellant.

Nos. 98–10159, 98–10195, 98–10203.
D.C. Nos. CR–97–00095–3–JSU,
CR–97–00095–1–JSU.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2001.

Submission Withdrawn May 22, 2001.

Resubmitted in part July 5, 2001.*

Decided Resubmitted on remaining
issues June 4, 2002.**

---

* We resubmitted this case on all issues other
than those under *Apprendi v. New Jersey*, 530
U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435
(2000).

** We resubmit this case on the previously un-
submitted issues under *Apprendi*.

*** The Honorable Barry T. Moskowitz, District
Judge for the Southern District of California,
sitting by designation.

Before FERNANDEZ and
KLEINFELD, Circuit Judges, and
MOSKOWITZ,*** District Judge.

SUPPLEMENTAL
MEMORANDUM ****

Roy Cabaccang, James Cabaccang, and
Richard Cabaccang appeal their conviction
and sentences arising out of a drug con-
spiracy.[1] On July 5, 2001, we filed a mem-
orandum disposition disposing of all of the
issues other than those under *Apprendi*.
We now decide the *Apprendi* issues.

(1) Roy, James, and Richard all claim
that 21 U.S.C. §§ 841 & 960 are unconsti-
tutional on their face under *Apprendi*.
We have already rejected that contention.
*See United States v. Mendoza–Paz*, 286
F.3d 1104, 1110, 1114 (9th Cir.2002) (§ 960
is constitutional); *United States v. Buck-
land*, 289 F.3d 558 (9th Cir.2002) (en banc)
(§ 841 is constitutional).

(2) Roy essentially concedes that *Ap-
prendi* does not require vacation of his
sentence. We agree.

(3) James asserts error under *Apprendi*
on the basis that the issue of drug quantity
was not submitted to the jury. Because
he did not object at trial, we apply the
plain error standard. *See Buckland*, 277
F.3d at 1178. That means that we must
decide whether there was error; if so,
whether it was plain; and if so, whether it
affected substantial rights. *See United
States v. Olano*, 507 U.S. 725, 732–35, 113
S.Ct. 1770, 1777–78, 123 L.Ed.2d 508
(1993); *see also United States v. Cotton*,

---

**** This disposition is not appropriate for pub-
lication and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

1. For simplicity, the members of the Cabac-
cang family will be referred to only by their
first names.

— U.S. ——, 122 S.Ct. 1781, 1785, —— L.Ed.2d —— (2002). If the answer to each of those questions is yes, we must then decide if the error " 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.' " *Id.* at 736, 113 S.Ct. at 1179 (citation omitted). There can be no doubt that there was error in this case and that it was plain. But James' case founders because, for example, there is no contest that the amounts in the packages that James was convicted of sending amounted to far more than 50 grams of methamphetamine, and that placed him in the 10 years to life statutory range.[2] *See* 21 U.S.C. §§ 841(b)(1)(A), 960(b)(1). Thus, "it appears beyond all doubt that the *Apprendi* error in this case did not affect the outcome of the proceedings, and, accordingly, did not affect [James'] substantial rights." *Buckland,* at 1184. "Finally, even were we to assume that the error here did affect substantial rights, we would affirm nonetheless because, given the evidence and the record . . . , the error did not 'seriously affect the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* at 1178 (citation omitted).

(3) Richard's claim founders for the same basic reason that James' does. As to Richard, there is no real contest that, if guilty at all, his involvement was in far more than the minimum amount required to expose him to a life sentence under the relevant statutes.[3] Here, too, we would not exercise our discretion to reverse for *Apprendi* error in any event.

AFFIRMED.

---

**2.** We, of course, recognize that James contests his guilt. That, however, does not affect the quantity, and it is quantity that we must focus upon here.

**3.** The evidence of that excess was overwhelming to say the least.